# Exhibit A

SUM-100

# SUMMONS (Ammended)
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** United States Parcel Service
TEAMSTERS Union 542

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Cesar Cruz

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED

FEB 10 2023

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY _____, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Imperial Valley Superior Court
*(El nombre y dirección de la corte es):* 939 Main St El Centro 92243

**CASE NUMBER:**
*(Número del Caso):* ECU002717

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cesar Cruz 1266 N th 17th St El Centro 92243

**DATE:**
*(Fecha):* 02-10-23

Maria Rhinehart
Clerk, by
*(Secretario):* R. MARQUEZ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>CESAR CRUZ<br>1266 NTH 17 STREET<br>EL CENTRO CA 92243 (Ammended)<br><br>TELEPHONE NO.: 7605507954    FAX NO.: 7603532469<br>ATTORNEY FOR (Name): Mr. Cruz | **FOR COURT USE ONLY**<br><br>FILED<br><br>FEB 10 202(?)<br><br>SUPERIOR COURT<br>COUNTY OF IMPERIAL<br>CLERK OF THE COURT<br>BY_____ DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** IMPERIAL VALLEY
STREET ADDRESS: 939 MAIN ST
MAILING ADDRESS: 939 MAIN ST
CITY AND ZIP CODE: EL CENTRO 92243
BRANCH NAME: Imperial Valley Superior Court

**CASE NAME:** Cesar Cruz v.
TEAMSTERS UNION 542 United States Parcel Service

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** EC400 2717 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: L. Brooks Anderholt<br>DEPT: # 09 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☑ Other PI/PD/WD (23) Financial | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** Exploitation | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 45
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 02-09-23
Cesar Cruz
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear**

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Cesar Cruz / 1266 N th 17th Street El Centro CA, 92243 | **FILED** FEB 10 2023 SUPERIOR COURT COUNTY OF IMPERIAL CLERK OF THE COURT BY X_____ DEPUTY |

TELEPHONE NO.: **760 550 7954**   FAX NO. (Optional): **760 353 2469**
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Imperial Valley**
STREET ADDRESS: **939 Main St**
MAILING ADDRESS:
CITY AND ZIP CODE: **El Centro 92243**
BRANCH NAME:

PLAINTIFF/PETITIONER: **Cesar Cruz (Ammended)**

DEFENDANT/RESPONDENT: **TEAMSTERS UNION 542 Parcel Service United States**

CASE NUMBER: **ECd002717**

JUDICIAL OFFICER:

DEPT.:

**NOTICE OF RELATED CASE**

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: **Cruz v. United States Parcel Service**
   b. Case number: **WCG48 – Cal 217**
   c. Court: ☐ same as above
      ☐ other state or federal court (name and address):
   d. Department: **Workers compensation**
   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☑ other (specify): **Work Comp**
   f. Filing date: **7-11-2020**
   g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No
   h. Relationship of this case to the case referenced above (check all that apply):
      ☑ involves the same parties and is based on the same or similar claims.
      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☑ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title: **Cruz v. James Paul Roe**
   b. Case number: **EC4002717**
   c. Court: ☑ same as above
      ☐ other state or federal court (name and address):
   d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

2. *(continued)*

   e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: **02 – 03 – 23**

   g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No    *Financial Exploitation*

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☑ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☑ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title: **Cruz v. Tina Odiaghian**

   b. Case number: **ECU002737**

   c. Court: ☑ same as above

      ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):* **Fraud**

   f. Filing date: **02 – 01 – 23**

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☑ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☑ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☑ Additional related cases are described in Attachment 4. Number of pages attached: **2**

Date: **02 – 10 – 23**

**Cesar Cruz**
      (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)           ▶      (SIGNATURE OF PARTY OR ATTORNEY)

Cruz v. El Centro Regional Medical Center

Case #: ECU002691   Filed: 01/05/23

Civil unlimited: (PI) Medical Malpractice

Pending ☑


Cruz v. UCSD (Hillcrest)

Case #: ECU4002738   Filed: 02-03-23

Civil unlimited: Fraud (PI)

Pending ☑


Cruz v. Jerome Hall and James McSweeny

Case # ECU002742   Filed: 02/06/23

Civil Unlimited: Criminal Malpractice

Pending ☑

u

Cruz v. "Thomas Schueller MD"
Case #: ECU002744 Filed: 02/07/23
Civil Unlimited: Criminal Malpractice
Pending: ☑

Cruz v. Blake Thompson
Case #: ECU002745 Filed: 02/07/23
Civil Unlimited: Criminal Malpractice
Pending: ☑

Cruz v. Behavior Health – Steven Dilsaver
Case #: ECU002746 Filed: 02/07/23
Civil unlimited: Criminal Malpractice
Pending ☑

Cruz v. Fredrick Arbenze – John Senico
Case #: ECU002743 Filed: 02/07/23
Pending ☑ Civil limited: Fraud

5

CM-015

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

   Street address:
   City:
   State and zip code:

   c. Name of person served:

   Street address:
   City:
   State and zip code:

   b. Name of person served:

   Street address:
   City:
   State and zip code:

   d. Name of person served:

   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**PLD-PI-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>CEAR CRUZ<br>1266 NTH 17TH ST.<br>EL CENTRO CA 92243<br><br>TELEPHONE NO: 7605507954    FAX NO. *(Optional):* 7603532469<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **FOR COURT USE ONLY**<br><br>**FILED**<br>FEB 10 2023<br>SUPERIOR COURT<br>COUNTY OF IMPERIAL<br>CLERK OF THE COURT<br>BY _____ DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL VALLEY**
STREET ADDRESS: 939 MAIN ST
MAILING ADDRESS: 939 MAIN ST
CITY AND ZIP CODE: EL CENTRO 92243
BRANCH NAME: IMPERIALVALLEY SUPERIOR COURT MAIN COURTHOUSE

PLAINTIFF: CESAR CRUZ
DEFENDANT: TEAMSTERS LOCAL 542

☑ DOES 1 TO __25__ United States Parcel Service

| | |
|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>☑ **AMENDED** *(Number):* #2 | **CASE NUMBER:**<br>Assigned for all purpose to Judge including trial<br><br>L. Brooks Anderholt<br><br>EC4002717 |

**Type** *(check all that apply):*
☐ **MOTOR VEHICLE**    ☐ **OTHER** *(specify):* Financial
  ☐ **Property Damage**    ☐ **Wrongful Death**
  ☑ **Personal Injury**    ☑ **Other Damages** *(specify):* Exploitation

**Jurisdiction** *(check all that apply):*
☐ **ACTION IS A LIMITED CIVIL CASE**
  Amount demanded ☐ does not exceed $10,000
    ☐ exceeds $10,000, but does not exceed $25,000
☑ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint**
  ☐ from limited to unlimited
  ☐ from unlimited to limited

1. **Plaintiff** *(name or names):* Cesar Cruz
   alleges causes of action against **defendant** *(name or names):*
   United States Parcel Service | TEAMSTERS LOCAL 542

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. ☑ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor    ☑ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☑ other *(specify):* TRAMATIC BRAIN | SPINE INJURY
      (5) ☐ other *(specify):*
   b. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor    ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12<br>www.courts.ca.gov

| SHORT TITLE:<br>Cesar Cruz V. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ **except** defendant (name): TEAMSTER UNION    c. ☐ **except** defendant (name):
   (1) ☑ a business organization, form unknown 542     (1) ☐ a business organization, form unknown
   (2) ☐ a corporation                                  (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):           (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):                    (4) ☐ a public entity (describe):

   (5) ☐ other (specify):                               (5) ☐ other (specify):

   b. ☑ **except** defendant (name): United States Parcel Service    d. ☐ **except** defendant (name):
   (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
   (2) ☑ a corporation                                  (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):           (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):                    (4) ☐ a public entity (describe):

   (5) ☐ other (specify):                               (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants (specify Doe numbers): _____ were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to
      plaintiff.

7. ☑ Defendants who are joined under Code of Civil Procedure section 382 are (names):

   Names will be mentioned on a later date.

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☑ Plaintiff is required to comply with a claims statute, **and**
   a. ☑ has complied with applicable claims statutes, **or**
   b. ☑ is excused from complying because (specify): Code 9 Tolling + Injury tolling

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☑ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☑ Other *(specify):* Fraud / Financial Exploitation

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):* Punitive Damages Resitution

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.
   Plaintiff is praying for relief in amount exceeding $25,000.⁰⁰

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☐ according to proof
      (2) ☑ in the amount of: $ 150 Million / $150,000,000.⁰⁰

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   The defendents act criminally with malice intention, and succeeding
   The defendents weaponized the plaintiffe's injury resulting in Physical,
   Date: Emotional, Spiritual, and Financial damages.

   02-09-23 Cesar Cruz
   (TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

9

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Cruz v. United States Parcel Service | |

21 – 28    **CAUSE OF ACTION—Intentional Tort**    Page _____
(number)

ATTACHMENT TO   ☒ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:   Cesar Cruz

alleges that defendant *(name)*:   UPS — TEAMSTERS 542

☜ Does ___1___ to ___25___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*:
at *(place)*:

*(description of reasons for liability)*:

21 – Infliction of emotional distress
22 – Supervision
23 – Training
24 – Work endangerment
25 – Disregard of Weingarten Rights
26 – Failure to Prevent harm
27 – Failure to Provide accomodation
28 – Failure to Engage interactive Process

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

10

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Cruz v. UPS | |

_29 - 36_
(number)          **CAUSE OF ACTION—General Negligence**          Page ____

ATTACHMENT TO   ☒ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Cesar Cruz

alleges that defendant *(name):* United Parcel Service (UPS) States

TEAMSTERS SUZ

☒ Does __1__ to __25__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):*
at *(place):*

*(description of reasons for liability):*

29 — Infliction of emotional distress
30 — Supervision
31 — Training
32 — Work endangerment
33 — Disregard of Weingarten Rights
34 — Failure to Prevent Harm
35 — Failure to Provide accomidation
36 — Failure to Engage interactive Process

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

\\

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Cruz v. United States Parcel Service | |

**12** (number)

## CAUSE OF ACTION—Fraud

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR- 1. Plaintiff *(name)*: Cesar Cruz

alleges that defendant *(name)*: United States Parcel Service  TEAMSTERS (542)

on or about *(date)*:  defrauded plaintiff as follows:

FR-2. ☒ **Intentional or Negligent Misrepresentation**
  a. Defendant made representations of material fact  ☒ as stated in Attachment FR-2.a  ☐ as follows:

  b. These representations were in fact false. The truth was  ☒ as stated in Attachment FR-2.b  ☐ as follows:

  c. When defendant made the representations,
    ☒ defendant knew they were false, **or**
    ☒ defendant had no reasonable ground for believing the representations were true.

  d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☒ **Concealment**
  a. Defendant concealed or suppressed material facts  ☒ as stated in Attachment FR-3.a  ☐ as follows:

  b. Defendant concealed or suppressed material facts
    ☒ defendant was bound to disclose.
    ☒ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.
  c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page ___-___

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Page 1 of 2
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

12

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Cruz v. UPS | |

_12_
(number)

# CAUSE OF ACTION—Fraud

**FR-4.** ☑ **Promise Without Intent to Perform**

   a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated in Attachment FR-4.a ☐ as follows:

   Modified duty | Doty of care / accomidate

   b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

**FR-5.** In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☑ as stated in Attachment FR-5 ☐ as follows:

**FR-6.** Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☑ as stated in Attachment FR-6 ☐ as follows:

**FIR-7. Other:**

   $150 million / Punitive Damages
   Statutory Damages

Page _____

13

PLD-PI-001(6)

| SHORT TITLE: "CRUZ" | CASE NUMBER: |
|---|---|

## Exemplary Damages Attachment

Page _____

ATTACHMENT TO   [✔] Complaint   [ ] Cross - Complaint

EX-1. As additional damages against defendant (name):

TEAMSTERS UNION 542 — United States Parcel Services

Plaintiff alleges defendant was guilty of
- [✔] malice
- [✔] fraud
- [✔] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

The defendants behaved in such a way its safe to say all acts were thoughtout, planned and acted on. The plaintiff was the center of these plans for reasons based on national origin, and retalatory in nature. Resulting In the exploitation of the plaintiff emotionally, Physically, spiritually, and financially. These acts are criminal and cannot go unchecked.

EX-3. The amount of exemplary damages sought is
- a. [ ] not shown, pursuant to Code of Civil Procedure section 425.10.
- b. [✔] $ 250 Million $250,000,000 · 00

14

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

Exemplary Damages Attachment

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER: |
|---|---|

___14___ **CAUSE OF ACTION—Breach of Contract**
(number)

ATTACHMENT TO    ☑ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.   Plaintiff *(name):* Cesar Cruz

alleges that on or about *(date):*    Collective Bargan Agreement

a ☑ written   ☐ oral   ☑ other *(specify):*    Employment Contract
agreement was made between *(name parties to agreement):*

☐ A copy of the agreement is attached as Exhibit A, or
☐ The essential terms of the agreement   ☐ are stated in Attachment BC-1   ☑ are as follows *(specify):*

Attached

Total Breach

BC-2.   On or about *(dates):*
defendant breached the agreement by   ☐ the acts specified in Attachment BC-2   ☑ the following acts
*(specify):*

Attached

Total Breach

BC-3.   Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.   Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4   ☑ as follows *(specify):*

Attached

Total Breach

BC-5.   ☑ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☐ according to proof.

BC-6.   ☑ Other:

$100,000,000.00 / $100 Million

Punitive / Stattory

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
**CAUSE OF ACTION—Breach of Contract**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov



# Imperial Valley Supreme Court

Civil Unlimited

1

Cesar Cruz
1266 North 17th street
2
El Centro, CA, 92243

Case No: EC4002717

3
**P:** (760) 550-7954      **F:** 760-353-2469
4
cesar.montesinos@yahoo.com

**PLAINTIFF CESAR CRUZ' COMPLAINT FOR DAMAGES:**

5
Plaintiff

6
## Cesar Cruz,

7
vs.

8
Defendant

9
UNITED STATES PARCEL SERVICES,

10
INC.; And DOES 1-20, inclusive,

11

12

13
TEAMSTERS UNION LOCAL 542,

14
And DOES 1-20, inclusive

15

16
## (PERSONAL INJURY)

17
## FINANCAL EXPLOITATION

18

19
January 27, 2023

20

21

22

23

24

25

26

27

28

1) FEHA DISCRIMINATION (GOV. CODE § 12940(a));
2) FEHA RETALIATION (LAB. CODE §1102.5);
3) WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY ("TAMENY" CLAIM)
4) FAILURE TO PRODUCE EMPLOYEE FILE (LABOR CODE § 226 (b));
5) FEHA DISCRIMINATION: FAILURE TO PROVIDE A REASONABLE ACCOMMODATION (GOV. CODE §12940(m));
6) FEHA DISCRIMINATION: FAILURE TO ENGAGE IN INTERACTIVE PROCESS (GOV. CODE § 12940(n));
7) FEHA RETALIATION (GOV. CODE § 12940(h));
8) FEHA FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR RETALIATION (GOV. CODE §12940(k))
9) FINANICAL EXPLOIATION
10) NATIONAL ORGIN DISCRIMINATION (TITLE VII)
11) CIVIL RIGHTS ACT
12) CONSPIRACY TO DECIET AND DEFRAUD
13) FRAUD
14) UNFAIR BUSINESS PRACTICES
15) BREACH OF CONTRACT
16) EXTORTION
17) CORRUPTION PRIVATE SECTOR
18) COLLUSION
19) HOSTEL WORK ENVIRONMENT
20) ASSAULT AND BATTERY
21) ASSAULT AND BATTERY
22) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
23) INTENTIONAL NEGLIGENT SUPERVISON
24) INTENTIONAL NEGLIGENT TRAINING
25) INTENTIONAL WORK ENDANGERMENT
26) INTENTIONAL DISREGARD OF NLRA WEINGARTEN RIGHTS
27) INTENTIONAL FAILURE TO PREVENT HARM
28) INTENTIONAL FAILURE TO PROVIDE ACCOMIDATION
29) INTENTIONAL FAILURE TO ENGAGE IN INTERACTIVE PROCESS
30) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
31) NEGLIGENT SUPERVISION
32) NEGLIGENT TRAINING
33) NEGLIGENT WORK ENDANGERMENT
34) NEGLIGENT FAILURE TO PREVENT HARM
35) NEGLIGENT FAILURE TO PROVIDE ACCOMINDATION
36) NEGLIGENT FAILURE TO ENGAGE IN INTERACTIVE PROCESS
37) NEGLIGENT DISREGARD OF NLRA WEINGARTEN RIGHTS
38) PERSONAL INJURY: CATASTROPIC HEAD AND SPINE INJURY
39) ASSAULT AND BATTERY
40) ASSAULT AND BATTERY
41) GREAT BODILY INJURY (PENAL CODE -243(b))
42) SERIOUS BODILY INJURY (PENAL CODE-243(d))
43) AGGRAVATED ASSAULT
44) AGGRAVATED ASSAULT
**45)** DEFAMATION

1                                                          )
2                                                          ) [DEMAND FOR JURY TRIAL]
3                                                          )
4    _____

5    NATURE OF THE CASE

6    1. PLAINTIFF, CESAR CRUZ ("CRUZ" or "PLAINTIFF") brings this action as against

7    defendants, UNITED PARCEL SERVICES, INC AND TEAMSTERS' UNION LOCAL 542. ("UPS")("TEAMSTERS")

8    seeking damages for Defendants' intentional, wrongful, malicious, fraudulent, and oppressive conduct

9    related to, and arising out of, the employment of PLAINTIFF by UPS/TEAMSTERS.

10   JURISDICTION AND VENUE

11   2. This Court has jurisdiction of the subject matter of PLAINTIFF's claims. Jurisdiction is

12   proper in this Court because the damages and claims alleged and demanded herein by PLAINTIFF

13   far exceeds $25,000, and PLAINTIFF herein does make a demand and prayer for damages, within

14   the jurisdictional of this Court against both separately.

15   3. Venue in this Court is proper in that PLAINTIFF suffered the harm set forth herein

16   within the County of Imperial Valley, State of California. PARTIES

17   4. PLAINTIFF is and was at all relevant periods of time covered by this Complaint a

18   resident of the County of Imperial Valley, State of California.

19   5. PLAINTIFF was an employee of Defendants, jointly and severally.

20   6. PLAINTIFF is informed and believes, and thereupon alleges, that during all relevant periods of time

21   covered by this complaint, UNITED PARCEL SERVICES, INC, AND TEAMSTERS LOCAL 542.

22   UPS, has been a Pennsylvania Corporation that maintained a place of business at: 160 W Main St., El

23   Centro, CA 92243. TEAMSTERS, has been Washington D.C. headquartered corporation that maintained

24   a place of business at: 2298 Merrill Center Dr., El Centro CA92243.

25   7. Defendants UPS are a logistics and supply chain company for retailers and manufacturers and

26   TEAMSTERS are America's largest, most diverse union.

27   8. PLAINTIFF is informed and believes, and thereupon alleges, that Defendants, including

28   the DOE defendants, were at all times mentioned herein the agents, servants, and employees of each

     CESAR CRUZ COMPLAINT - 1

1  other, or otherwise were acting with the full knowledge and consent of each other and/or in

2  furtherance of a conspiracy to violate PLAINTIFF's rights. PLAINTIFF is further informed and

3  believes, and upon such basis and belief alleges, that in doing all of the things alleged in this

4  complaint, Defendants, and each of them, were acting within the scope and authority of their

5  agency, servitude, or employment, and were acting with the express and/or implied knowledge,

6  permission and consent of one another. PLAINTIFF is further informed and believes, and upon

7  such basis and belief alleges, that Defendants learned of, ratified, and/or approved the wrongful

8  conduct of its agents and/or employees identified in this Complaint as having engaged in wrongful

9  conduct.

10  9. The actions, representations, and other conduct alleged herein of each of the named

11  Defendants were and are the actions, representations, and conduct of the other Defendants, and each

12  of them is bound thereby as having done, made, and/or committed the same directly. At all times

13  mentioned herein, each Defendant's conduct is and was the action, representation, and conduct of

14  each and all other such Defendants, and each such defendant is and was to be obligated, responsible,

15  held liable, and charged thereby.

16  10. PLAINTIFF is informed and believes, and thereupon alleges, that at all relevant times,

17  Defendants, and each of them, were business entities or individuals who owned, controlled, or

18  managed the business which has damaged PLAINTIFF, and are each therefore jointly, severally,

19  and individually liable to PLAINTIFF.

20  11. PLAINTIFF is informed and believes, and thereupon alleges, that at all relevant times,

21  Defendants, and each of them, were in some fashion, by contract or otherwise, the successor,

22  assignor, indemnitor, guarantor, or third-party beneficiary of one or more of the remaining

23  Defendants, and at all relevant times to PLAINTIFF's claims alleged herein, were acting within that

24  capacity. PLAINTIFF further alleges that Defendants, and each of them, assumed the liabilities of

25  the other Defendants, by virtue of the fact that each to some degree, wrongfully received and/or

26  wrongfully benefited from the flow of assets from the other Defendants to the detriment of

27  PLAINTIFF. PLAINTIFF further alleges that by wrongfully receiving and/or benefiting from

28  Defendants' assets, and in the consummation of such transactions, a de facto merger of the

CESAR CRUZ COMPLAINT - 2

Defendants, and each of them, resulted, such that Defendants, and each of them, may be treated as one for purposes of this Complaint.

12. PLAINTIFF is informed and believes, and thereupon alleges, that at all relevant times mentioned herein, Defendants, and each of them, were the partners, agents, servants, employees, joint venturers, or co-conspirators of each other defendant, and that each defendant was acting within the course, scope, and authority of such partnership, agency, employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized, ratified, and approved the acts of the remaining Defendants.

FACTUAL ALLEGATIONS

13. Defendant UPS hired PLAINTIFF on or about December 2019 in the City of El Centro.

14. PLAINTIFF's job duties included the loading and unloading of boxes off the manual conveyor belt and putting them where they belong on 6 trailers. His job duties included setting up canopies. At no point during his employment with UPS, PLAINTIFF was taught how to use a canopy.

15. On or about July 11, 2020, while PLAINTIFF was working outside the UPS warehouse. He was asked to use a canopy which he was not trained to use. Unexpectedly, one of his co-workers pushed boxes on the canopy. As a result, the canopy support collapse, and it pulled the poles to his direction, and he was struck in the back of the head with a pole causing concussion and protrusions on his neck as well as his spine. As a result of this strike, he suffered concussion, damage to the whole spine, memory loss and a curved spine.

16. After he was injured, PLAINTIFF was moved inside of the warehouse to load trucks. Despite being unable to give his best, PLAINTIFF continued working in that position to please his superiors.

17. Subsequent to his injury, PLAINTIFF was assigned to manually unload the heaviest consignments with little to no help by one of the managers at UPS.

18. On or around June 25, 2020, one of the managers at UPS approached Plaintiff, and began to loudly and publicly berate Plaintiff for allegedly failing to perform satisfactorily in his work. When Plaintiff failed to engage with this behavior, the manager attempted to start a fight with

CESAR CRUZ COMPLAINT - 3

1  him. For this reason, PLAINTIFF was written up three times on the same day. PLAINTIFF had

2  never been written up before while working at UPS.

3  19. When the matter was taken up in a meeting, PLAINTIFF was told not to file a

4  grievance. Notwithstanding the aforesaid, PLAINTIFF decided to file a grievance.

5  20. Subsequently, a manager singled out Plaintiff for listening to music, despite other

6  workers also listening to music without comment from the managers. UPS tried to have a

7  disciplinary meeting with the PLAINTIFF over music to which Plaintiff did not want to proceed.

8  21. On July 29, 2020, the PLAINTIFF was terminated on the pretextual grounds that he

9  wasn't "working as directed" .

10  **FIRST CAUSE OF ACTION**

11  **FEHA DISCRIMINATION**

12  **(GOV. CODE § 12940(a))**

13  **(Against Defendant UPS)**

14  22. PLAINTIFF realleges, and incorporates herein by their reference, each and every

15  allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further,

16  all allegations set forth in this cause of action are pled upon information and belief, unless otherwise

17  stated.

18  23. These Defendants were employers with more than five employees or another entity

19  subject to the FEHA.

20  24. These Defendants subjected Plaintiff to one or more of the following adverse

21  employment actions: (1) termination; (2) denial of any employment benefit or privilege; and/or (3)

22  denied reasonable accommodation for a disability.

23  25. One or more of the following protected statuses applicable to Plaintiff were a substantial

24  motivating reason for these Defendants to subject Plaintiff to one or more of the aforementioned

25  adverse employment action: disability (physical or mental); and/or medical leave.

26  26. As a result of Defendants' actions in managing Plaintiff's work and injuries, Plaintiff

27  was harmed.

28  27. These Defendants' conduct was a substantial factor in causing Plaintiff's harm.

CESAR CRUZ COMPLAINT - 4

28. In doing the things herein alleged, the acts and conduct of these defendants constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civ. Code §3294(c)), in that these acts were intended by these defendants to cause injury to Plaintiff and/or constituted despicable conduct carried on by these defendants with willful and conscious disregard of the rights of Plaintiff, with the intention of these defendants to deprive Plaintiff of property and legal rights, and were authorized or approved by these defendants, justifying an award of exemplary and punitive damages in an amount according to proof, in order to deter these defendants from similar conduct in the future, should be made.

**SECOND CAUSE OF ACTION**

**FEHA RETALIATION**

**(CA LABOR CODE § 1102.5)**

**(Against Defendant UPS)**

29. PLAINTIFF realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

30. Lab. Code § 1102.5(b) provides, in pertinent part, "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." This statute reflects the broad public policy interest in encouraging workplace whistleblowers to report unlawful acts without fearing retaliation.

31. Defendants were employers for purposes of California law.

CESAR CRUZ COMPLAINT - 5

32. PLAINTIFF was an employee of Defendants and was performing work on behalf of Defendants.

33. Defendants subjected PLAINTIFF to the following adverse employment actions: (1) demoted; (2) denied any employment benefit or privilege; (3) denied reasonable accommodation for a disability; (4) reprimanded; (5) suspended; or (6) terminated.

34. Defendants subjected PLAINTIFF to the foregoing adverse employment actions in retaliation for engaging in protected activities, including, but not limited to: (1) reported or resisted any form of discrimination or harassment; (2) participated as a witness in a discrimination or harassment complaint; and/or (3) requested or used leave under CFRA.

35. PLAINTIFF was forced to manually unload the heaviest consignments with little to no help and set up the canopies without substantially providing any training which resulted in PLAINTIFF suffering from concussion, damage to the whole spine, memory loss and a curved spine. Ultimately Defendants terminated PLAINTIFF because they would not accommodate PLAINTIFF'S medical disability. Notwithstanding the aforesaid, Defendants still terminated

**PLAINTIFF on erroneous grounds.**

**THIRD CAUSE OF ACTION**

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

**("TAMENY" CLAIM)**

**(Against Defendant UPS)**

36. PLAINTIFF realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

37. PLAINTIFF was employed by Defendants.

38. Defendants discharged PLAINTIFF for asserting his rights under the law.

39. The following violation(s) of public policy were substantial motivating reasons for PLAINTIFF'S discharge: protesting violations of the Fair Employment and Housing Act, Labor

CESAR CRUZ COMPLAINT - 6

1  Code, reporting or resisting any form of discrimination or harassment, participating as a witness in a

2  discrimination or harassment complaint, and/or requesting or using leave under CFRA.

3  40. Accordingly, PLAINTIFF was harmed and seeks damages according to proof at trial.

4  41. Defendants' actions constituted malice, fraud, or oppression in violation of Civil Code

5  section 3294 such that PLAINTIFF also requests punitive damages for this cause of action.

6  **FOURTH CAUSE OF ACTION**

7  **FAILURE TO PRODUCE EMPLOYEE FILE**

8  **(LABOR CODE § 226 (b))**

9  **(Against Defendant UPS)**

10  42. PLAINTIFF realleges, and incorporated herein by their reference, each and every

11  allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further,

12  all allegations set forth in this cause of action are pled upon information and belief, unless otherwise

13  stated.

14  43. Defendants were employers for purposes of California law.

15  44. Plaintiff has made a reasonable request for a copy of his employee file from Defendants.

16  45. Defendants have failed to produce Plaintiff's employee file in violation of California

17  Law.

18  46. On information and belief, Defendant UPS failed to keep the information required by

19  subdivision (a) affording PLAINTIFF the right to inspect or copy records pertaining to their

20  employment, upon reasonable request to the employer.

21  47. Accordingly, Defendants are subject to an aggregate penalty of $4,000, and Plaintiff is

22  entitled to an award of costs and reasonably attorney's fees pursuant to Labor Code section 226(e).

23  48. Furthermore, Defendant's blatant failure to produce records documenting their

24  misconduct can potentially subject them to an adverse inference or sanctions.

25

26

27

28

CESAR CRUZ COMPLAINT - 7

**FIFTH CAUSE OF ACTION**

**FEHA DISCRIMINATION: FAILURE TO PROVIDE A REASONABLE**

**ACCOMODATION**

**Gov. Code § 12940(m)**

**(Against Defendant UPS)**

49. PLAINTIFF realleges, and incorporates herein by their reference, each and every

allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further,

all allegations set forth in this cause of action are pled upon information and belief, unless otherwise

stated.

50. Defendants were employers subject to California Law.

51. PLAINTIFF was an employee of Defendants working in California.

52. Based on information and belief, Defendants are a Logistics and Supply Chain

Company for retailers and manufacturers that employed PLAINTIFF to perform duties such as

manual unloading delivery trucks containing heavy containers and keeping track of everything on

paper for whatever was being unloaded even after his injuries.

53. Other than the assigned duties, PLAINTIFF was made to set up canopies without

providing sufficient training in this regard which resulted in the concussion, damage to the whole

spine, memory loss and a curved spine he sustained.

54. PLAINTIFF had physical conditions that limited his work performance.

55. Defendants knew of PLAINTIFF's physical condition that limited his work

performance.

56. Defendants failed to provide reasonable accommodation for PLAINTIFF's physical

condition, allowing insufficient time for Plaintiff to recover from a debilitating injury sustained

under their management.

57. A reasonable accommodation is, generally, "any change in the work environment or in

the way things are customarily done that enables an individual with a disability to enjoy equal

employment opportunities." 29 C.F.R. pt. 1630 app. §1630.2(o). This can include making

modifications to existing leave policies and providing leave when needed for a disability, even

CESAR CRUZ COMPLAINT - 8

1 where an employer does not offer leave to other employees.

2 58. PLAINTIFF was able to perform the essential job duties with reasonable

3 accommodation for his physical condition.

4

5 **SIXTH CAUSE OF ACTION**

6 **FEHA DISCRIMINATION: FAILURE TO ENGAGE IN INTERACTIVE**

7 **PROCESS**

8 **(Gov. Code § 12940(n))**

9 **(Against Defendant UPS)**

10 61. PLAINTIFF realleges, and incorporates herein by their reference, each and every

11 allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further,

12 all allegations set forth in this cause of action are pled upon information and belief, unless otherwise

13 stated.

14 62. Defendants were an employer.

15 63. PLAINTIFF was an employee of Defendants.

16 64. Based on information and belief, Defendants are a Logistics and Supply Chain

17 Company for retailers and manufacturers that employed PLAINTIFF to perform duties such as

18 manual unloading delivery trucks containing heavy containers and keeping track of everything on

19 paper for whatever was being unloaded even after his injuries.

20 65. Other than the assigned duties, PLAINTIFF was made to set up canopies without

21 providing sufficient training in this regard which resulted in the concussion, damage to the whole

22 spine, memory loss and a curved spine he sustained.

23 66. PLAINTIFF had physical conditions that were known to Defendants.

24 67. PLAINTIFF requested that Defendants make reasonable accommodations for

25 PLAINTIFF'S physical condition so that PLAINTIFF would be able to perform the essential job

26 requirements.

27 68. PLAINTIFF was willing to participate in an interactive process to determine whether

28 reasonable accommodation could be made so that they would be able to perform the essential job

CESAR CRUZ COMPLAINT - 9

1  requirements.

2  69. Defendants failed to participate in a timely good-faith interactive process with Plaintiff

3  to determine whether reasonable accommodation could be made.

4  70. Defendants instead attempted to subject Plaintiff to a series of meetings purportedly

5  designed to address his performance, but in fact were prepared as a smokescreen for the termination

6  of Plaintiff's employment.

7  71. Plaintiff was harmed, as stated above, as a result of Defendants failure to engage in a

8  good-faith interactive process.

9  72. Defendants' failure to engage in a good-faith interactive process was a substantial factor

10  in causing Plaintiff's harm.

11  **SEVENTH CAUSE OF ACTION**

12  **FEHA RETALIATION**

13  **Gov. Code § 12940(h)**

14  **(Against Defendant UPS)**

15  73. PLAINTIFF realleges, and incorporates herein by their reference, each and every

16  allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further,

17  all allegations set forth in this cause of action are pled upon information and belief, unless otherwise

18  stated.

19  74. PLAINTIFF was retaliated against on account of the following protected bases: (1)

20  reported or resisted any form of discrimination or harassment; (2) participated as a witness in a

21  discrimination or harassment complaint; and/or (3) requested or used leave under CFRA.

22  75. Defendant subjected PLAINTIFF to the following adverse employment actions as a

23  result: (1) terminated; (2) denied hire or promotion; (3) denied equal pay; (4) denied any

24  employment benefit or privilege; and/or (5) denied reasonable accommodation for a disability.

25  76. Defendants' decision to subject PLAINTIFF to these adverse employment actions was

26  based upon Plaintiff having engaged in one or more of the following protected activities: (1)

27  reported or resisted any form of discrimination or harassment; (2) participated as a witness in a

28  discrimination or harassment complaint; and/or (3) requested or used leave under CFRA.

CESAR CRUZ COMPLAINT - 10

77. PLAINTIFF was harmed, as stated above, as a result of these adverse employment actions.

78. Defendants' decision to subject PLAINTIFF to these adverse employment actions was a substantial factor in causing this harm to PLAINTIFF.

**EIGHTH CAUSE OF ACTION**

**FEHA FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR RETALIATION**

**(Gov. Code § 12940(k))**

**(Against Defendant UPS)**

79. PLAINTIFF realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

80. PLAINTIFF was an employee of the Defendants.

81. California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination . . . from occurring."

82. As previously discussed, Defendants failed to adequately investigate PLAINTIFF's complaints, failed to take all reasonable steps to prevent employees him from getting harmed, failed to take all reasonable steps to prevent managers from harassing Plaintiff, and failed to reprimand any individuals involved in the decision to terminate PLAINTIFF. Accordingly, Defendant failed to take all reasonable steps necessary to prevent harassment from occurring in violation of Government Code section 12940(k).

83. Defendants' failure to prevent harassment and discrimination was a substantial factor in causing PLAINTIFF harm, namely that PLAINTIFF was forced to suffer, among other injuries, lost wages and other compensation benefits, physical and severe emotional distress including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort,

CESAR CRUZ COMPLAINT - 11

1  anxiety, hopelessness, loss of enjoyment of life, and other pecuniary loss, thus causing PLAINTIFF

2  damages in an amount according to proof at trial, in excess of the minimum for unlimited

3  jurisdiction of this Court. Pursuant to California Government Code section 12965(b), PLAINTIFF

4  is also entitled to reasonable attorney's fees and costs of suit.

5

6                          **9th CAUSE OF ACTION**

7                          **FIANCIAL EXPLOITATION**

8                          **(Against All Defendants)**

9  84. The defendants took advantage of the plaintiff's severe traumatic head injury. That was result from

10  his time working at United States Parcel Service on 7-11-2020.

11  85. The defendants were well aware of the condition of the plaintiff, since their positions obligated

12  them to know.

13  86. The defendant (UPS) also concealed the seriousness of the plaintiff's traumatic head injury until

14  2023 and still continue to do so.

15  87. The defendants utilized inside information from their insurance company addressing the plaintiffs

16  workers compensation claim.  To conceal the true nature of his injury in order to conspirer to deceit and

17  defraud the plaintiff.

18  88.Which resulted in financial exploitation of the plaintiff

19  89. The plaintiff is also lead to believe that the acts of the defendants were premediated with the intent

20  to maliciously oppress, deceit, defraud, and harm the plaintiff. Resulting in damages in the form abuse

21  to a vulnerable incapacitation person whom is the plaintiff.

22

23                          **10th CAUSE OF ACTION**

24                          **NATIONAL ORGIN WORKPLACE DISCRIMINATION**

25                          **(Against All Defendants)**

26  90. TITLE VII of the Civil Rights Act of 1964 prohibits discrimination in hiring, promotion, discharge, pay,

27  fringe benefits, job training, classification, referral, and other aspects of employment, on the basis of

28  race, color, religion, sex, or national origin.

CESAR CRUZ COMPLAINT - 12

91. With malice intent and extreme prejudice harming the plaintiff physically, emotionally, and psychologically.

## 11th CAUSE OF ACTION

## CONSPIRACY TO DECIET AND DEFRAUD

## (Against All Defendants)

92. The defendants took advantage of the plaintiff's severe traumatic head injury. That resulted from his time working at United States Parcel Service on 7-11-2020. (The plaintiff was diagnosed with a cerebral concussion, occipital head contusion, and cervical strain on 7-13-2020.

93. The defendants were well aware of the condition of the plaintiff, since their positions obligated them to know.

94. The defendants utilized inside information with conspiracy to deceit and defraud the plaintiff. Which resulted in financial exploitation of the plaintiff

95. The plaintiff is also lead to believe that the acts of the defendants were premediated with the intent to maliciously oppress, deceit, defraud, and harm the plaintiff.

96. Resulting on the plaintiff being preyed on by the defendants in the form of deceitful and unlawful acts.

## 12th CAUSE OF ACTION

## FRAUD

## (Against All Defendants)

97. The defendant's committed fraud by way of management oversight.

98. The defendant's committed these acts by way of actions they did negligently and intentionally that resulted in harm to the plaintiff.

99. The harm was not only in the form of physical and emotional but also occupationally, and finically.

100. Making the plaintiff vulnerable on several plains that contribute to the overall happiness and well

CESAR CRUZ COMPLAINT - 13

1  being of human being.

2  101. The intent behind these acts and non-acts further compound and demonstrate the length the

3  defendants went to fraudulently do whatever they could within their managerial powers to harm the

4  plaintiff.

5  102. Furthermore, committing total fraud with premediated intent to harm plaintiff.

6
7                          13TH CAUSE OF ACTION

8                        UNFAIR BUSINESS PRACTICES

9                         (Against All Defendants)

10  103. The defendants engaged in practice that encompass fraud, misrepresentation, oppression, and

11  unconscionable acts resulting in harm to the plaintiff.

12  104.These acts were utilized by lack of oversight from hire up officials within the defendant's

13  organizations.

14  105. The defendants also reappropriated managerial power to benefit personal interest regardless of

15  FEHA and other agencies setting forth laws to protect American workers.
16
17
18
19                          14TH CAUSE OF ACTION

20                          BREACH OF CONTRACT

21                         (Against All Defendants)

22  106. The defendants totally breached collective bargaining agreement, therefore employment

23  contract/Union Contract by way of; discrimination, harassment, retaliation, malice and oppressive

24  fraudulent acts, disregard of code of conduct, assault and battery, intentional negligent infliction of

25  physical and emotional harm, extortion, wrongful termination, disregard of Weingarten rights, unlawful

26  termination, hostel working environment, workplace endangerment, negligent training, negligent

27  supervision resulting in harm, duty of care, standard of care, and breaches of fundamental rights to

28  workers and men given by government agencies.

CESAR CRUZ COMPLAINT - 14

107. All defendants breached contract by way of duty of care, standard of care, law binding contracts, and collective bargain agreement contract.

108. A total breach of contract with malice and premediated intention.

109. Resulting in damages to the plaintiff.

## 15TH CAUSE OF ACTION

### EXTORTION

### (Against All Defendants)

110. On June 26, 2020 Darryl Taylor told the plaintiff that if he didn't file a grievance for the incident involving Mike Pitones, he would receive punishment.

111. In other words, he tried to extort the plaintiff in order to avoid having a grievance filed. Which the plaintiff disregarded and filed the following day.

112. In doing so the plaintiff received a warning letter in person after the plaintiff disregard there attempt

to intimidate and extort the plaintiff.

## 16TH CAUSE OF ACTION

### CORRUPTION PRIVATE SECTOR

### (Against All Defendants)

113. The defendants' hijacked functions and power given to them.

114. In the that hijacking of power the defendants broke workers rights and civil rights.

115. The plaintiff wasn't awarded fair treatment in all phases of his employment, especially during the ladder stages of his employment and subsequent firing.

116. The defendants had a conflict of interest in the form of accountability being pursued against them from the plaintiff. Which is obvious due to the blatant and extreme oversight over functions put in place

CESAR CRUZ COMPLAINT - 15

1  to protect workers.

2  117. The defendants discriminated against the plaintiff leaving him out of protective services and

3  benefits.

4  118. Due to the plaintiff's national origin and attempt to seek justice within the scope of those corporate

5  bodies being hijacked and reappropriated to benefit only those in charge not the employee.

6

7

8  **17TH CAUSE OF ACTION**

9  **COLLUSION**

10  **(Against All Defendants)**

11  119. The defendants, United States Parcel Service, and Teamsters 542 colluded together to deceit and

12  defraud an employee/union member whom is the plaintiff.

13  120. The defendants used a severe traumatic head injury that the plaintiff had acquired in the scope of

14  him employment with UPS against him.

15  121. Resulting in financial exploitation that resulted in both great and serious bodily injury.

16  122.  The defendants concealed facts and true nature of his injury as well. Which the plaintiff discovered

17  as early as January 2023 the true and sever nature of his injury.

18  123. Demonstrating a true conspiracy to collude amongst each other in order to benefit their own

19  individual interest.

20  124. Furthermore these acts are premedicated and acted upon with extreme prejudice to work

21  together in order to unlawfully terminate and harm the plaintiff.

22

23

24  **18TH CAUSE OF ACTION**

25  **HOSTEL WORK ENVIRONMENT**

26  **(Against All Defendants)**

27  152. The defendants enacted in the following acts Intimidating environment, Offensive behavior,

28  Physical and mental abuse.

CESAR CRUZ COMPLAINT - 16

153. Which all categories independently characterize a hostel work environment. The plaintiff had to deal with ALL categories listed above.

154. Complete hostile work environment.

**19TH CAUSE OF ACTION**

**ASSUALT AND BATTERY (MIKE PITONES)**

**(Against All Defendants)**

127. On June 26 2020 Mike Pitone's intentionally berated the plaintiff for no reason other than to oppress, disrespect, and humiliate the plaintiff. The plaintiff had a perfectly organized work area and was not doing anything to merit any of the acts done by the defendant.

128. National origin being the only reason the plaintiff was a target for harassment retaliation but on June 26, 2020, it became physical. With Mike Pitones trying to walk through Mr. Cruz for nothing other than music that wasn't even on at the time.

129. Following that act the plaintiff told the defendant to "Grow up" due to the craziness of the defendant's behavior and extreme over supervising which resulted in Mike Pitones again approaching the plaintiff like a thug cursing at the plaintiff trying to instigate a reaction getting directly in the face of the plaintiff.

130. The plaintiff did not respond but was deeply shaken up due to being humiliated by the defendant. He was also upset that the defendant had the audacity to put his hands on the plaintiff in a hostel manner and approach him in that same matter as if he was going to have to engage in a physical altercation. Not once but twice

131. Committing assault and battery to the plaintiff resulting in intentional negligent emotional distress.

CESAR CRUZ COMPLAINT - 17

**20TH CAUSE OF ACTION**

**ASSUALT AND BATTERY (VICTORIA)**

**(Against All Defendants)**

132.  On 7/16/2020 Victoria intentionally berated the plaintiff after she was caught by the plaintiff trying to falsely accuse the plaintiff of leaving a huge load of boxes in a spot they did not belong

133. When the plaintiff approached her in the manager's office she was continuing to berate and verbally abuse the plaintiff then put the defendant put her hands on him pushing him out the door.

134. Resulting in an assault and battery by the defendant due too intentional negligent emotional distress.

**21ST CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants)**

135. PLAINTIFF realleges, and incorporated herein by their reference, each and every allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

136. Defendants retailed against PLAINTIFF and never respected his seniority.

137. PLAINTIFF continued to load the consignments even after his injury in place.

138. Then moved to the heaviest consignments to the PLAINTIFF, with minimum or no assistance and berating him for alleged inadequate performance, Defendants intended to subject Plaintiff

CESAR CRUZ COMPLAINT - 18

physical distress and cause PLAINTIFF severe emotional distress.

139. By publicly berating Plaintiff for allegedly failing to complete the unreasonable assignments given to him, and by attempted to engage in a physical altercation with Plaintiff, Defendants intended to subject Plaintiff to public humiliation and severe emotional distress.

140. As a result of Defendants actions, PLAINTIFF did suffer severe emotional distress.

141. Defendants' conduct was a substantial factor in causing PLAINTIFF's severe emotional distress.

142. Accordingly, PLAINTIFF was harmed and seeks damages according to proof at trial.

143. Defendants' actions constituted malice, fraud, or oppression in violation of Civil Code section 3294 such that PLAINTIFF also requests punitive damages for this cause of action.

### 22ND CAUSE OF ACTION

### INTENTIONAL NEGLIGENT SUPERVISION

### (Against All Defendants)

144.The defendants committed intentional negligence which can be interpreted by them having knowledge Of the faulty equipment from the plaintiff prior to his catastrophic injury.

145. The defendants were made aware of the dangers and risk associated to conducting this task while the warehouse was fully operational by the plaintiff.

146. The plaintiff was never guided or assisted in completing the complex task of erecting a canopy in a fully functional work site.

147. The plaintiff asked Darryl Taylor if he could come in 15 to 20 minutes earlier in order to complete the task, which was denied because the risk wasn't properly assessed by all supervisors at the expense of the plaintiff.          **23RD CAUSE OF ACTION**

CESAR CRUZ COMPLAINT - 19

**INTENTIONAL NEGLIGENT TRAINING**

**(Against All Defendants)**

148. The task of erecting a canopy without a setlist plan on paper automatically makes the task a complex one.

149. The defendant as a company trains its employees intentionally and comprehensively to understand How to handle, transport, and, deliver packages safely and efficiently. They do not train their employees make an intricate canopy that can never be done the same way day after day.

150. Management should have too necessary action in order to avoid serious injuries.

**24th CAUSE OF ACTION**

**INTENTIONAL WORKPLACE ENDANGERMENT**

**(Against All Defendants)**

151. The Defendants conducted a safety meeting with the plaintiff and intentionally did nothing to address the issue. Obvious in the result of that action to the plaintiff by way of catastrophic brain and spine injury.

152. The plaintiff made the defendants aware of all the risk and state of the equipment in that meeting.

153. The equipment used to perform the erecting of the canopy was is terrible poor condition. The bottom of the buckets which are filled with cement and pole coming out of them aren't stable at all. The bottoms of the buckets would flap completely off on several of those buckets. The bungee cords lost all elasticity rendering them useless and dangerous. Due to the risk of bursting, which did also happen a few times. Sending the mental bits flying. (The plaintiff has photographic evidence in regard to the equipment used.)

154. Disregarding all the risk, and intentional cultivating a dangerous work place and endangering lives

CESAR CRUZ COMPLAINT - 20

with catches of obtaining a serious permanent injury. Which is exactly what happening to the plaintiff as a

result of those exact actions.

### 25th CAUSE OF ACTION

### INTENTIONAL DISREGARD OF NLRA WEINGARTEN RIGHTS

### (Against All Defendants)

155. The plaintiff was never afforded his Weingarten rights when he requested a shop steward.

156. The plaintiff was always dealing with a conflict-of-interest 3rd party employee stepping in as a shop steward.

157. That defendant is name Enrique Sanchez who was dating Victoria a manager.

158. The defendant Enrique Sanchez is also friends with manager Mike Pitones.

159. Creating a conflict of interest that never allowed the plaintiff fair and equal assess to basic rights such as Weingarten rights.

160. The plaintiffs Weingarten rights were also disallowed by Darryl Taylor the day of the firing. The plaintiff requested a shop steward to be present for disciplinary action meeting, but was told by Darryl Taylor, Victoria, Mike Pitones, and Enrique Sanchez all parties in attendance to the meeting. That the plaintiff has no say on the matter.

161. Unjustly disallowing the plaintiff his Weingarten rights and resulting in unjustified action after that. In the form of an unjustly discriminatory firing.

### 26th CAUSE OF ACTION

### INTENTIONAL FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR

### RETALIATION

CESAR CRUZ COMPLAINT - 21

**(Against All Defendants)**

162. The plaintiff reached out to HR (Mark Hall) in order to get help with harassment, discrimination, and

retaliation due to filing grievances.

163. Which would nothing result from those emails.

164. Leaving the plaintiff at the mercy of his supervisors who were being pursed in those grievances.

165. It was obviously a coordinated intentional negligent act evident by the outcome of the plaintiffs' injuries and unlawful firing.

### 27th CAUSE OF ACTION

### INTENTIONAL FAILURE TO PROVIDE A REASONABLE

### ACCOMODATION

### (Against All Defendants)

166. PLAINTIFF had physical conditions that limited his work performance.

167. Defendants knew of PLAINTIFF's physical condition that limited his work performance.

168. Defendants failed to provide reasonable accommodation for PLAINTIFF's physical condition, allowing insufficient time for Plaintiff to recover from a debilitating injury sustained under their management.

169. A reasonable accommodation is, generally, "any change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities." 29 C.F.R. pt. 1630 app. §1630.2(o). This can include making modifications to existing leave policies and providing leave when needed for a disability, even where an employer does not offer leave to other employees.

CESAR CRUZ COMPLAINT - 22

170. PLAINTIFF was able to perform the essential job duties with reasonable accommodation for his physical condition.

171. PLAINTIFF was harmed, as stated above, as a result of Defendants failure to accommodate.

172. Defendants' failure to provide reasonable accommodation was a substantial factor in causing PLAINTIFF's harm.

## 28th CAUSE OF ACTION

## INTENTIONAL FAILURE TO ENGAGE INTERACTIVE PROCESS

## (Against All Defendants)

173. PLAINTIFF realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

174. Defendants were an employer.

175. PLAINTIFF was an employee of Defendants.

176. Based on information and belief, Defendants are a Logistics and Supply Chain Company for retailers and manufacturers that employed PLAINTIFF to perform duties such as manual unloading delivery trucks containing heavy containers and keeping track of everything on paper for whatever was being unloaded even after his injuries.

177. Other than the assigned duties, PLAINTIFF was made to set up canopies without providing sufficient training in this regard which resulted in the concussion, damage to the whole spine, memory loss and a curved spine he sustained.

178. PLAINTIFF had physical conditions that were known to Defendants.

CESAR CRUZ COMPLAINT - 23

179. PLAINTIFF requested that Defendants make reasonable accommodations for PLAINTIFF'S physical condition so that PLAINTIFF would be able to perform the essential job requirements.

180. PLAINTIFF was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that they would be able to perform the essential job requirements.

181. Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

182. Defendants instead attempted to subject Plaintiff to a series of meetings purportedly designed to address his performance, but in fact were prepared as a smokescreen for the termination of Plaintiff's employment.

183. Plaintiff was harmed, as stated above, as a result of Defendants failure to engage in a good-faith interactive process.

184. Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

## 29th CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (Against All Defendants)

185. PLAINTIFF realleges, and incorporated herein by their reference, each and every allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

186. Defendants retailed against PLAINTIFF and never respected his seniority.

CESAR CRUZ COMPLAINT - 24

187. PLAINTIFF continued to load the consignments even after his injury in place.

188. Then moved to the heaviest consignments to the PLAINTIFF, with minimum or no assistance and berating him for alleged inadequate performance, Defendants intended to subject Plaintiff physical distress and cause PLAINTIFF severe emotional distress.

189. By publicly berating Plaintiff for allegedly failing to complete the unreasonable assignments given to him, and by attempted to engage in a physical altercation with Plaintiff, Defendants intended to subject Plaintiff to public humiliation and severe emotional distress.

190. As a result of Defendants actions, PLAINTIFF did suffer severe emotional distress.

191. Defendants' conduct was a substantial factor in causing PLAINTIFF's severe emotional distress.

192. Accordingly, PLAINTIFF was harmed and seeks damages according to proof at trial.

193. Defendants' actions constituted malice, fraud, or oppression in violation of Civil Code section 3294 such that PLAINTIFF also requests punitive damages for this cause of action.

**30TH CAUSE OF ACTION**

**NEGLIGENT SUPERVISION**

**(Against All Defendants)**

194.The defendants committed intentional negligence which can be interpreted by them having knowledge Of the faulty equipment from the plaintiff prior to his catastrophic injury.

195. The defendants were made aware of the dangers and risk associated to conducting this task while the warehouse was fully operational by the plaintiff.

196. The plaintiff was never guided or assisted in completing the complex task of erecting a canopy in a fully functional work site.

CESAR CRUZ COMPLAINT - 25

197. The plaintiff asked Darryl Taylor if he could come in 15 to 20 minutes earlier in order to complete the

task, which was denied because the risk wasn't properly assessed by all supervisors at the expense of

the plaintiff.        **31ST CAUSE OF ACTION**

**NEGLIGENT TRAINING**

**(Against All Defendants)**

198. The task of erecting a canopy without a setlist plan on paper automatically makes the task a

complex one.

199. The defendant as a company trains its employees intentionally and comprehensively to understand

How to handle, transport, and, deliver packages safely and efficiently. They do not train their employees

make an intricate canopy that can never be done the same way day after day.

200. Management should have too necessary action in order to avoid serious injuries.

**32ND CAUSE OF ACTION**

**NEGLIGENT WORKPLACE ENDANGERMENT**

**(Against All Defendants)**

201. The Defendants conducted a safety meeting with the plaintiff and intentionally did nothing to address

the issue. Obvious in the result of that action to the plaintiff by way of catastrophic brain and spine injury.

202. The plaintiff made the defendants aware of all the risk and state of the equipment in that meeting.

203. The equipment used to perform the erecting of the canopy was is terrible poor condition. The bottom

of the buckets which are filled with cement and pole coming out of them aren't stable at all. The bottoms

of the buckets would flap completely off on several of those buckets. The bungee cords lost all elasticity

CESAR CRUZ COMPLAINT - 26

1 | rendering them useless and dangerous. Due to the risk of bursting, which did also happen a few times.

2 | Sending the mental bits flying. (The plaintiff has photographic evidence in regard to the equipment

3 | used.)

4 | 204. Disregarding all the risk, and intentional cultivating a dangerous work place and endangering lives

5 | with catches of obtaining a serious permanent injury. Which is exactly what happening to the plaintiff as

6 | a

7 | result of those exact actions.

8

9

### 33RD CAUSE OF ACTION

10

### NEGLIGENT DISREGARD OF NLRA WEINGARTEN RIGHTS

11

### (Against All Defendants)

12

13 | 205. The plaintiff was never afforded his Weingarten rights when he requested a shop steward.

14 | 206. The plaintiff was always dealing with a conflict-of-interest 3rd party employee stepping in as a shop

15 | steward.

16

17 | 207. That defendant is name Enrique Sanchez who was dating Victoria a manager.

18 | 208. The defendant Enrique Sanchez is also friends with manager Mike Pitones.

19 | 209. Creating a conflict of interest that never allowed the plaintiff fair and equal assess to basic rights

20 | such as Weingarten rights.

21

22 | 210. The plaintiffs Weingarten rights were also disallowed by Darryl Taylor the day of the firing. The

23 | plaintiff requested a shop steward to be present for disciplinary action meeting, but was told by Darryl

24 | Taylor, Victoria, Mike Pitones, and Enrique Sanchez all parties in attendance to the meeting. That the

25 | plaintiff has no say on the matter.

26

27 | 211. Unjustly disallowing the plaintiff his Weingarten rights and resulting in unjustified action after that. In

28

CESAR CRUZ COMPLAINT - 27

1   the form of an unjustly discriminatory firing.

2                          **34TH CAUSE OF ACTION**

3              **NEGLIGENT FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR**

4              **RETALIATION**

5

6                          **(Against All Defendants)**

7   212. The plaintiff reached out to HR (Mark Hall) in order to get help with harassment, discrimination, and

8

9   retaliation due to filing grievances.

10  213. Which would nothing result from those emails.

11  214. Leaving the plaintiff at the mercy of his supervisors who were being pursed in those grievances.

12
    215. It was obviously a coordinated intentional negligent act evident by the outcome of the plaintiffs'
13

14  injuries and unlawful firing.

15                          **35th CAUSE OF ACTION**

16              **NEGLIGENT FAILURE TO PROVIDE A REASONABLE**

17              **ACCOMODATION**

18
                            **(Against All Defendants)**
19

20  216. PLAINTIFF had physical conditions that limited his work performance.

21  217. Defendants knew of PLAINTIFF's physical condition that limited his work

22  performance.

23
    218. Defendants failed to provide reasonable accommodation for PLAINTIFF's physical
24

25  condition, allowing insufficient time for Plaintiff to recover from a debilitating injury sustained

26  under their management.

27  219. A reasonable accommodation is, generally, "any change in the work environment or in

28

    CESAR CRUZ COMPLAINT - 28

the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities." 29 C.F.R. pt. 1630 app. §1630.2(o). This can include making modifications to existing leave policies and providing leave when needed for a disability, even where an employer does not offer leave to other employees.

220. PLAINTIFF was able to perform the essential job duties with reasonable accommodation for his physical condition.

221. PLAINTIFF was harmed, as stated above, as a result of Defendants failure to accommodate.

222. Defendants' failure to provide reasonable accommodation was a substantial factor in causing PLAINTIFF's harm.

### 36th CAUSE OF ACTION

### NEGLIGENT FAILURE TO ENGAGE INTERACTIVE PROCESS

### (Against All Defendants)

223. PLAINTIFF realleges, and incorporates herein by their reference, each and every allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein. Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

224. Defendants were an employer.

225. PLAINTIFF was an employee of Defendants.

226. Based on information and belief, Defendants are a Logistics and Supply Chain

CESAR CRUZ COMPLAINT - 29

Company for retailers and manufacturers that employed PLAINTIFF to perform duties such as

manual unloading delivery trucks containing heavy containers and keeping track of everything on

paper for whatever was being unloaded even after his injuries.

227. Other than the assigned duties, PLAINTIFF was made to set up canopies without

providing sufficient training in this regard which resulted in the concussion, damage to the whole

spine, memory loss and a curved spine he sustained.

228. PLAINTIFF had physical conditions that were known to Defendants.

229. PLAINTIFF requested that Defendants make reasonable accommodations for

PLAINTIFF'S physical condition so that PLAINTIFF would be able to perform the essential job

requirements.

230. PLAINTIFF was willing to participate in an interactive process to determine whether

reasonable accommodation could be made so that they would be able to perform the essential job

requirements.

231. Defendants failed to participate in a timely good-faith interactive process with Plaintiff

to determine whether reasonable accommodation could be made.

232. Defendants instead attempted to subject Plaintiff to a series of meetings purportedly

designed to address his performance, but in fact were prepared as a smokescreen for the termination

of Plaintiff's employment.

233. Plaintiff was harmed, as stated above, as a result of Defendants failure to engage in a

good-faith interactive process.

234. Defendants' failure to engage in a good-faith interactive process was a substantial factor

in causing Plaintiff's harm.

**37TH CAUSE OF ACTION**

CESAR CRUZ COMPLAINT - 30

**PERSONAL INJURY**

**(Against All Defendants)**

239. The plaintiff suffered all damages due to supervisors, intentional negligent fraudulent acts. Resulting in a catastrophic injury to the plaintiff's brain and entire spine.

240. His injury on 07/11/2020 resulted in brain damage that almost killed the plaintiff on 12-21-2020 and 01-09-22.

241. Which also added to the vulnerability and despair of the plaintiff who was already dealing with a severe concussion, headaches, vision impairment, epidural hematoma, micro hematomas, cerebral hemorrhage's, short term amnesia, emotional distress, pain, cognitive difficulties, humiliation, suicidal ideation, cervical lordosis, lumbar lordosis, and levoscoliosis, and much more.

242. All originated and a by product of his employment with the defendants.

**38th CAUSE OF ACTION**

**UNLAWFUL TERMINATION**

**(Against All Defendants)**

243. The defendant's committed an unlaw termination justified by the plaintiff seeking protective services from HR on June 29, 2020 and the condition of the plaintiff who suffered a traumatic brain injury on 07/11/2020 while working for the defendants.

244. The plaintiff should have been awarded temporary total disability but at very least modified duty in order to avoid his injury being taken advantage of by the defendants.

245. The plaintiff never committed anything that warranted a firing other than being different from the everyone else via National origin.

246. Resulting in an unlawful firing that removed the plaintiff from receiving benefits he earned in his short time spent working at UPS.

247. Which also added to the vulnerability and despair of the plaintiff who was already dealing with a severe concussion, headaches, vision impairment, epidural hematoma, micro hematomas, cerebral

CESAR CRUZ COMPLAINT - 31

1  hemorrhage's, short term amnesia, emotional distress, pain, cognitive difficulties, humiliation, suicidal

2  ideation, cervical lordosis, lumbar lordosis, and levoscoliosis, and much more.

3  248. Compounding the issue with the egregious nature and malice of the firing unlawfully in order to

4  harm the plaintiff intentionally.

### 39th CAUSE OF ACTION

### GREAT BODILY INJURY PENAL CODE 243(b)

### (Against All APPLICABLE Defendants)

249. The defendant committed financial exploitation that but resulted in harm.

250.  The harm is a byproduct of premediated acts that left the plaintiff whom was fired while dealing with a serious condition in the form of a severe traumatic brain injury.

251. The Plaintiffs unlawful firing induced phycological and physical harm.

252. The harm has resulted in permanent physical damages and permanent emotional damages that needlessly arose and originated from his employment under and in partnership with the defendants.

253. These acts nearly resulted in the plaintiff's death from the time of his firing to the present day. As a byproduct of his condition being benefited to fit the defendants needs regardless of obligations that the defendants owe to the plaintiff as worker in the United States of America.

### 40th CAUSE OF ACTION

### SERIOUS BODILY INJURY PENAL CODE 243(d)

### (Against All APPLICABLE Defendants)

254. The defendant committed financial exploitation that but resulted in harm.

255.  The harm is a byproduct of premediated acts that left the plaintiff whom was fired while dealing with a serious condition in the form of a severe traumatic brain injury.

256. The Plaintiffs unlawful firing induced phycological and physical harm.

257. The harm has resulted in permanent physical damages and permanent emotional damages that

CESAR CRUZ COMPLAINT - 32

needlessly arose directly from his employment under and in partnership with the defendants.

258. These acts nearly resulted in the plaintiff's death from the time of his firing to the present day. As a byproduct of his condition being benefited to fit the defendants needs regardless of obligations that the defendants owe to the plaintiff as worker in the United States of America.

### 41TH CAUSE OF ACTION

### AGGRAVATED ASSAULT

### (Against All Defendants)

259. The defendants, United States Parcel Service, and Teamsters 542 colluded together to deceit and defraud an employee/union member whom is the plaintiff.

260. The defendants used a severe traumatic head injury that the plaintiff had acquired in the scope of him employment with UPS against him.

261. The defendants concealed facts and true nature of his injury as well. Which the plaintiff discovered as early as January 2023 the true and sever nature of his injury.

262. Resulting in premediated financial exploitation that resulted in both great and serious bodily injury.

263. Demonstrating a true conspiracy to collude amongst each other in order to benefit their own individual interest.

264. Without remorse of the plaintiff nor his circumstances on all planes that contribute to the overall happiness of man and his rights entitled to him as United States citizens to purse and obtain happiness and justice.

265. Furthermore these acts are premedicated and acted upon with extreme prejudice to work together in order to unlawfully terminate and harm the plaintiff.

266. Which the defendants have successfully accomplishes in the form of brain damages, spinal damages, mental and emotional damages.

### 42nd CAUSE OF ACTION

### AGGRAVATED ASSAULT

### (Against All Defendants)

CESAR CRUZ COMPLAINT - 33

267. The defendants, United States Parcel Service, and Teamsters 542 colluded together to deceit and defraud an employee/union member whom is the plaintiff.

268. The defendants used a severe traumatic head injury that the plaintiff had acquired in the scope of him employment with UPS against him.

269. The defendants concealed facts and true nature of his injury as well. Which the plaintiff discovered as early as January 2023 the true and sever nature of his injury.

### 43rd CAUSE OF ACTION

### DEFAMATION

### (Against All Defendants)

270. The defendants make written statements that are false against my character.

271. The defendants also did things on file in term to the plaintiff employment that also damaging.

272. The plaintiff works in the community with the youth and when you have issues such these arise and it extremely damaging to his reputation in his community or any other community going forward.

273. All cause of actions have resulted in damages.

Dates: 02-10-23

Plaintiff / Cesar Cruz

CESAR CRUZ COMPLAINT - 34

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CESAR CRUZ COMPLAINT - 35

**PRAYER FOR RELIEF DAMAGE TYPES**

WHEREFORE, PLAINTIFF prays for judgment as against Defendants as follows, for damages applicable to each specific CAUSE OF ACTION:

1. Compensatory damages

2. Pain and Suffering

3. Restitution damages

4. Attorney's fees and costs pursuant to all applicable statutes or legal principles,

including, but not limited to the California Fair Employment and Housing Act.

5. Federal civil penalties pursuant to statute.

6. Punitive damages

7. Exemplary damages pursuant to Civ. Code § 3294.

8. Statutory penalties

9. Costs of suit incurred.

10. Quantum Meruit

11. All other general, specific, direct, indirect, consequential, and incidental damages.

12. Rule 3.1700. Prejudgment costs

13. Injunctive relief

14. Such other and further relief as the Court may deem proper.


**\*\*\*NEXT PAGE WILL STATE SPECIFIC AMOUNTS PLAINTIFF SEEKS FOR EACH SPECIFIC CAUSE OF ACTION\*\*\***

CESAR CRUZ COMPLAINT - 36

1) FEHA DISCRIMINATION (GOV. CODE § 12940(a));
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

2) FEHA RETALIATION (LAB. CODE §1102.5);
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

3) WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY ("TAMENY" CLAIM)
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

4) FAILURE TO PRODUCE EMPLOYEE FILE (LABOR CODE § 226 (b));
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

5) FEHA DISCRIMINATION: FAILURE TO PROVIDE A REASONABLE ACCOMMODATION (GOV. CODE §12940(m));
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

6) FEHA DISCRIMINATION: FAILURE TO ENGAGE IN INTERACTIVE PROCESS (GOV. CODE § 12940(n));
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

7) FEHA RETALIATION (GOV. CODE § 12940(h));
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

8) FEHA FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR RETALIATION (GOV. CODE §12940(k))
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

9) FINANICAL EXPLOIATION
**$100 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

10) NATIONAL ORGIN DISCRIMINATION (TITLE VII) CIVIL RIGHTS ACT
**$100 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

11) CONSPIRACY TO DECIET AND DEFRAUD
**$100 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

12) FRAUD
**$100 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

CESAR CRUZ COMPLAINT - 37

1

2

3
13) UNFAIR BUSINESS PRACTICES
**$100 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

4

5

6
14) BREACH OF CONTRACT
**$100 Million** Punitive damages, Statutory damages, Quantum Merit *and any other damages the court see fit.*

7
15) EXTORTION
**$5 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

8

9

10
16) CORRUPTION PRIVATE SECTOR
**$150 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

11

12
17) COLLUSION
**$100 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

13

14
18) HOSTEL WORK ENVIRONMENT
**$10 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

15

16
19) ASSUALT AND BATTERY
**$10 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

17

18
20) ASSUALT AND BATTERY
**$10 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

19

20

21
21) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

22

23
22) INTENTIONAL NEGLIGENT SUPERVISON
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

24

25
23) INTENTIONAL NEGLIGENT TRAINING
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

26

27
24) INTENTIONAL WORK ENDANGERMENT
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

28

CESAR CRUZ COMPLAINT - 38

25) INTENTIONAL DISREGARD OF NLRA WEINGARTEN RIGHTS
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

26) INTENTIONAL FAILURE TO PREVENT HARM
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

27) INTENTIONAL FAILURE TO PROVIDE ACCOMIDATION
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

28) INTENTIONAL FAILURE TO ENGAGE IN INTERACTIVE PROCESS
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

29) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

30) NEGLIGENT SUPERVISION
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

31) NEGLIGENT TRAINING
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

32) NEGLIGENT WORK ENDANGERMENT
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

33) NEGLIGENT DISREGARD OF NLRA WEINGARTEN RIGHTS
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

34) NEGLIGENT FAILURE TO PREVENT HARM
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

35) NEGLIGENT FAILURE TO PROVIDE ACCOMINDATION
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

36) NEGLIGENT FAILURE TO ENGAGE IN INTERACTIVE PROCESS
**$35 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

37) PERSONAL INJURY: CATASTROPIC HEAD AND SPINE INJURY
**$150 Million** Punitive damages, Statutory damages, compensatory damages, restitution, *and any other damages the court see fit.*

38) UNLAWFUL TERMINATION
**$150 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

39) GREAT BODILY INJURY (PENAL CODE -243(b))
**$100 Million** Punitive damages, Statutory damages, criminal charges *and any other damages the court see fit.*

40) SERIOUS BODILY INJURY (PENAL CODE-243(d))
**$100 Million** Punitive damages, Statutory damages,criminal charges *and any other damages the court see fit.*

41) AGGRAVATED ASSAULT
**$100 Million** Punitive damages, Statutory damages, criminal charges  *and any other damages the court see fit.*

42) AGGRAVATED ASSAULT
**$100 Million** Punitive damages, Statutory damages, criminal charges *and any other damages the court see fit.*

43) DEFAMATION
**$5 Million** Punitive damages, Statutory damages, *and any other damages the court see fit.*

CESAR CRUZ COMPLAINT - 40

274. The plaintiff was hoping by the grace of the jury and honor that both defendants would have to have to pay for damages separately in the amounts of:

275. Plaintiff is Seeking damages vs **"UPS"** in the amount of:

*$2,430,000,000.00 / $2.43 Billion Dollars*

**Dated:  : January 27, 2023**                    Cesar Cruz / PLAINTIFF

_____

276. Plaintiff is Seeking damages vs **"TEAMSTERS"** in the amount of:

*$2,430,000,000.00 / $2.43 Billion Dollars*

**Dated:  : January 27, 2023**                    Cesar Cruz / PLAINTIFF

_____

Cumulative value at :

*$4,860,000,000.00 Dollars / $4.86 Billion Dollars*

*Dated: January 27, 2023*                    Cesar Cruz / PLAINTIFF

_____

CESAR CRUZ COMPLAINT - 41

277. *Relief Statement*

     The plaintiff is hoping by the grace of your honor and the jury that the plaintiff's honest service does not go in vain. The plaintiff acted in good faith and was dealt nothing but bad faith acts, such as; deception, fraudulent, intentional, negligent, endangering, and harmful acts. These unlawful acts were coordinated precisionally between both defendants. Demonstrating collusion and corruption with intention to defraud and disenfranchise the plaintiff. Denying the plaintiff access to any and all his rights as worker under the duty of care of both defendants. Especially since the impairment of the plaintiff is a proximate cause of the plaintiff's past, current, and, future condition. These premediated acts that resulted in exploitation of the plaintiff and his brain injury is called Financial Exploitation. Done so without remorse and criminally in order to server their own interest and protect themselves from accountability.

     This form of corruption, and obstruction of justice unless uncheck, like unchecked evil can erode the public's faith in justice and perception of the agencies that run it. Which in turn is a threat to civil peace and democracy in our nation as a whole. We cannot let big business whom serve only their bottom line disrupt and pervert systems that keep our country united and protected through laws. These laws enforce that very form of solidarity and admiration domestically and foreignly to our Nation. Entirely due to our country's diverse ethnic views of democracy for all its citizens. Apparent in something very simple and often over looked as access to the justice system that stands and represents something much larger than the names of the individuals that have lived and died for it.

     This threat and tyranny done by people who think they're above the law can be the straw that breaks the camel's back so to speak, but I have nothing but faith in the Jury and Judge. Faith that the Jury and Judge will uphold these laws and maintain civility in our nation through accountability under those laws. Accountability to those and all whom make choices that are deservedly entitled to nothing other than the ramifications of their actions.

DATED: **January 27, 2023**                                   **Cesar Cruz / Plaintiff**

_____

CESAR CRUZ COMPLAINT - 42

**DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury as to all causes of action triable by jury.

DATED: <u>January 27, 2023</u>

Cesar Cruz / Plaintiff

CESAR CRUZ COMPLAINT - 43