UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CRUZ,<br><br>                     Plaintiff,<br><br>v.<br><br>UNITED STATES PARCEL SERVICE, et al.,<br><br>                     Defendants. | Case No.: 23cv430-AGS(LR)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**<br><br>**[ECF No. 22]** |

      This Report and Recommendation is submitted to United States District Judge Andrew G. Schopler pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.  Presently before the Court is an unopposed motion by Defendant Teamsters Union Local 542 ("Local 542" or "Defendant") to dismiss this action based on Plaintiff Cesar Cruz's failure to prosecute and comply with court orders.  (ECF No. 22.)  For the reasons stated below, the Court **RECOMMENDS** that: (1) Defendant's motion be **GRANTED in part**, and (2) this case be **DISMISSED WITHOUT PREJUDICE.**

/ / /

## I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, who is proceeding in this case *pro se*, filed a complaint on January 27, 2023, in Imperial County Superior Court against United Parcel Services ("UPS") and Local 542 alleging forty-five causes of action related to his termination as a cargo loader at a UPS location in El Centro, California in July of 2020.  (See ECF No. 1-2 at 19.)  Local 542 removed the complaint to federal court on March 9, 2023 and filed an answer on March 13, 2023.  (See ECF Nos. 1-2.)  After Plaintiff did not respond to an order to show cause why his claims against UPS should not be dismissed for failure to serve that defendant, Judge Schopler dismissed all claims against UPS without prejudice on April 20, 2023.  (See ECF No. 5.)

Plaintiff then failed to participate in a subsequent early neutral evaluation conference and case management conference as ordered by the undersigned.  (See ECF No. 11 at 2.)  After issuing a scheduling order regulating discovery and pretrial proceedings, the Court reminded Plaintiff in another order on September 28, 2023 that he was required to participate in the early neutral evaluation process, as well as the meet and confer process with Local 542 in preparing a joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f).  (See id. at 4.)  Citing a declaration provided by defense counsel as well as its own attempts to remind Plaintiff of the missed hearings through a brief telephone conversation with the Court's law clerk, the Court's order explained that Plaintiff had knowingly and intentionally violated multiple requirements from previous orders, and that further noncompliance could result in sanctions in the future.  (See id. at 2-4.)

Despite the Court's warning about noncompliance with discovery requirements and court orders, Plaintiff has not made any further efforts to prosecute this case since his failure to participate in the early neutral evaluation.  After Plaintiff failed to participate in the submission of a joint motion for entry of a protective order with opposing counsel (See ECF No. 12-1 at 35-6), as well as a subsequent telephonic case management conference (See ECF No. 14), the Court issued an order to show cause why he should not be sanctioned for his repeated failures to comply with court orders.  (See ECF No. 15.)  The order to show

cause set an in-person hearing on March 13, 2024, before the undersigned regarding the appropriate sanctions, which Plaintiff similarly did not participate in or request a continuance of.  (See ECF No. 19 at 2.)  The Court ordered Plaintiff to pay Defendant $2,800 in monetary sanctions as a result of the costs incurred by his failure to participate in several previous hearings, and warned Plaintiff that further noncompliance with court orders would likely subject him to additional sanctions as provided for in Federal Rule of Civil Procedure 16, up to and including an order dismissing this action in whole or in part.  (See id. at 3-4.)  To date, Plaintiff has not filed a notice of payment indicating that he paid Defendant the required monetary sanctions.  (See generally Docket.)

After Plaintiff failed to appear at a telephonic informal discovery conference regarding his failure to provide any form of discovery responses to properly propounded discovery by Defendant on March 18, 2024, Defendant indicated its intention to file a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The Court then issued a briefing schedule, which required any response to Defendant's motion to be filed by Plaintiff on or before April 22, 2024.  (See ECF No. 21.)  The instant motion to dismiss followed.  (See ECF No. 22 ("Mot. to Dismiss").)  Defendant contends that dismissal of Plaintiff's complaint is now warranted because Plaintiff has made no effort to prosecute this case since its removal to federal court over a year ago.  (See id. at 2.)  Additionally, Defendant's counsel includes multiple exhibits in support of the motion, which describe her efforts to communicate with Plaintiff about court orders and his repeated failure to respond to meet and confer requests despite some communications early in the litigation.  (See ECF No. 22-2, Fern Steiner Decl. ("Steiner Decl."), Exs. 1-15.)  Plaintiff did not oppose the motion.  (See generally Mot. to Dismiss.)  The orders imposing monetary sanctions on Plaintiff and setting the briefing schedule for Defendant's motion to dismiss were returned as undeliverable to Plaintiff's last known address on April 8, 2024.  (See ECF Nos. 24 & 25.)

/ / /

/ / /

## II.   LEGAL STANDARD

Rule 41(b) provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with [the federal rules] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Courts have repeatedly recognized, however, that "[d]ismissal . . . is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996). Given the potential for such an extreme result, courts must usually first consider less drastic alternatives, such as "arranging for substitute counsel or [] continuing the proceedings in order to allow plaintiff to come into compliance with a pretrial order." Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1053 (9th Cir. 1971). "The district judge, however, need not exhaust [all alternatives] before finally dismissing a case." Id. at 1053-1054.

Ultimately, a district court is required to weigh five factors when determining whether to dismiss a case for failure to prosecute under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).[1] "[The Ninth Circuit] 'may affirm a

---

[1] The same five factors used to determine whether dismissal is warranted under 41(b) are used to determine whether terminating sanctions are appropriate under Rule 37(b)(2). See Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (noting that the standards governing dismissal under Rule 16(f), which allows sanctions authorized by Rule 37(b), as well as under Rule 41(b) "are basically the same."). Although several of the cases cited in the Court's discussion of these factors in Section III, infra, considered whether dismissal was proper pursuant to Rule 37(b)(2), the discussion of the required factors under Ninth Circuit precedent nevertheless provides a useful comparison for the Court's analysis of the instant motion pursuant to Rule 41(b).

dismissal where at least four factors support dismissal, . . . or where at least three factors strongly support dismissal.'" Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).

Additionally, it is important to note that the relevant rules, including the ones that govern involuntary dismissal, apply not only to litigants represented by counsel, but to parties who are proceeding *pro se* with equal force. While a party's "'lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing other factors regarding dismissal . . . pro se status does not excuse intentional noncompliance with discovery rules and court orders.'" Arellano v. Blahnik, Case No.: 16cv2412-CAB (MSB), 2019 WL 2710527, at *5 (S.D. Cal. June 28, 2019) (quoting Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014)), report and recommendation adopted, 2019 WL 3429232 (S.D. Cal. July 30, 2019). This district's Civil Local Rule 83.11 similarly requires *pro se* parties to comply with court orders, in addition to keeping "the [clerk of court] advised as to current address."

### III.   DISCUSSION

Defendant contends that four of the five dismissal factors set out by the Ninth Circuit above strongly favor dismissal due to Plaintiff's continued failure to prosecute this case, and requests that the case be dismissed with prejudice. (See Mot. to Dismiss at 4-7.) The Court will address each factor in turn below.

**A.   The Public's Interest in Expeditious Resolution of Litigation**

The public has an "overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Fed. R. Civ. P. 1). Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish, 191 F.3d at 990). Plaintiff's failure to participate in the discovery process in any meaningful fashion since the Court's order setting the case management conference in this case has hindered the expeditious resolution of this matter by stalling the litigation before fact discovery

could begin.  Though cases should generally be disposed of on their merits, Plaintiff here is ultimately responsible for prosecuting this case so that it could reach such a disposition.  This included responding to defense counsel's requests to formulate a joint discovery plan, exchanging information regarding fact discovery in this case, and attending court-ordered hearings related to the discovery process, such as telephonic case management conferences.  This factor accordingly favors dismissal.

### B.     The Court's Need to Manage its Docket

This factor weighs in favor of dismissal when the Court is forced to address a party's failure to prosecute a case or comply with court orders.  See Pagtalunan, 291 F.3d at 642.  The Court has *sua sponte* continued multiple discovery-related hearings in this case to allow Plaintiff adequate opportunities to participate in the litigation process if he chose to do so, and held an in-person order to show cause hearing related to his failure to participate in a court-ordered case management conference.  See Section I, supra. Plaintiff has neither participated in these hearings nor requested any extensions of time or accommodations to do so.  While part of the Court's motivation in resetting these hearings was to present Plaintiff with additional opportunities to participate in the litigation process or explain to the Court why he may need additional time to do so, these events have nevertheless forced the Court and opposing counsel to expend valuable time addressing Plaintiff's failure to prosecute this case.  This factor therefore favors dismissal as well.

### C.     Risk of Prejudice to Defendant

Although the Ninth Circuit has noted that the mere pendency of a lawsuit on its own is insufficient to warrant dismissal, see In re Phenylpropanolamine, 460 F.3d at 1228, "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Id. at 1227 (internal citations omitted).  Even where no specific finding of prejudice is made, a lack of prejudice is not determinative where "counsel continues to disregard deadlines, warnings, and schedules set by the district court." Henderson, 779 F.2d at 1425.

1  Defendant correctly points out that Plaintiff's failure to cooperate with the discovery
2  schedule in this case deprives it of the ability to properly formulate defenses to the claims
3  in Plaintiff's complaint.  (See Mot. to Dismiss at 5.)  Furthermore, without the ability to
4  obtain information that it is entitled to through the course of discovery, Plaintiff could
5  conceivably appear for the remaining hearings in the Court's scheduling order without
6  Local 542's ability to examine any evidence of testimony that he may have provided in
7  this case.  This factor accordingly weighs in favor of dismissal.

### D. Public Policy Favoring Disposition of Cases on the Merits

As noted above, although public policy strongly favors disposition of cases on their merits, a case that is unreasonably delayed by a party's failure to comply with deadlines and basic discovery requirements may never be able to reach that type of disposition.  See In re Phenylpropanolamine, 460 F.3d at 1128 (noting that the fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (internal quotations omitted).  Courts within this circuit have therefore routinely concluded that disposition of cases on their merits is not furthered by litigants who refuse to provide discovery needed for preparation of a defense against their claims.  See, e.g., Arellano, 2019 WL 2710527, at *9 (considering the fourth factor neutral when the plaintiff's actions prevented disposition of the case on the merits).  Plaintiff's failures to comply with multiple orders regarding discovery deadlines and hearings about the progress of the litigation have placed this litigation in precisely such a predicament—Defendant has been unable to obtain critical discovery that it may need in forming its defenses to Plaintiff's claims.  Accordingly, the strong preference for disposition on the merits does not outweigh Plaintiff's failure to prosecute this case.  Furthermore, as will be discussed in further detail in Section III.E, infra, to the extent that this factor weighs against dismissal, any such weight is mitigated by the Court's decision to dismiss this action without prejudice, which is a much less severe penalty than involuntary dismissal with prejudice.  See White v. Gonzales, Case No. 21-cv-04221-CRB (PR), 2024 WL 1659896, at *5 n.4 (N.D. Cal.

Apr. 16, 2024) ("To the extent that the fourth Malone factor may weigh against dismissal, that weight is mitigated by the court's decision to dismiss without prejudice.")

**E.     The Availability of Less Drastic Sanctions**

Under the final factor, district courts must consider less severe alternatives and discuss them before electing to utilizing involuntary dismissal.  See In re Phenylpropanolamine, 460 F.3d at 1128-29.  Reviewing courts consider whether a district court discussed the feasibility of less severe sanctions, implemented alternative sanctions prior to dismissal, or warned the party of the possibility of dismissal.  Malone, 833 F.2d at 132.  A "judge's warning to a party that a future failure to obey a court order will result in default judgment can itself suffice to meet the 'consideration of alternatives' requirement."  Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001) (quoting Malone, 833 F.2d at 132).  "Furthermore, explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."  Id. (internal quotations omitted).

Defendant argues that this factor also favors dismissal because "the Court has issued less drastic sanctions than dismissal and has repeatedly cautioned Cruz that continued failure to prosecute and obey court orders could and now will likely lead to dismissal.  Cruz continues to fail to comply."  (Mot. to Dismiss at 5.)  The Court agrees.  Plaintiff has been ordered to respond to Court orders and discovery requests from opposing counsel multiple times to no avail.  Additionally, as noted above, the Court *sua sponte* continued multiple hearings and held them in both electronic and in-person formats to give Plaintiff as many opportunities as possible to litigate this case if he chose to do so.  Each of these orders specifically warned Plaintiff that further noncompliance could lead to additional sanctions, up to and including the dismissal of this case.  (See, e.g., ECF No. 11 at 4) (noting that further non-compliance could result in more severe sanctions, up to and including dismissal of this action).  To date, Plaintiff has neither responded to any court orders nor participated in any hearings, and has not provided any justification for his failure to prosecute this action.  Furthermore, until April of this year,

court orders sent to Plaintiff's last known address on the docket via US Mail were not returned or reported as undeliverable. (See ECF Nos. 24-25.) It is therefore apparent to the Court that further orders continuing hearings or allowing Plaintiff additional accommodations to comply with the requirements of the litigation process would be unlikely to change the trajectory of this case.

Apart from providing Plaintiff with ample opportunities to prosecute this matter, sanctions less drastic than dismissal have also proved ineffective. After his failure to appear at the order to show cause hearing regarding the appropriate sanctions for his non-compliance, the Court concluded that monetary sanctions were appropriate to compensate defense counsel for her time and resources expended in attending court hearings that were unproductive because of this failure to participate. (See ECF No. 19 at 2-4.) Plaintiff has not filed a notice of payment of these sanctions, and the Court has little confidence that the imposition of further monetary sanctions would induce his compliance in the future. Furthermore, discovery in this matter has not progressed sufficiently for the Court to contemplate the use of evidentiary sanctions as an effective penalty against Plaintiff.

Given Plaintiff's failure to participate at this stage in the litigation, there is realistically only one less drastic alternative available. Federal Rule of Civil Procedure 41(b) provides that a dismissal for failure to prosecute operates as an adjudication on the merits "unless the dismissal order states otherwise." The circumstances of this case, including Plaintiff's *pro se* status and his failure to respond to multiple attempts to communicate with him by opposing counsel and the Court, demonstrate that dismissal with prejudice would be unnecessarily harsh. (See, e.g., Fullen v. Mascher, No. CV 22-08000-PCT-JJT (JZB), 2023 WL 2530311, at *4 (D. Ariz. Mar. 3, 2023) (concluding that dismissal without prejudice was more appropriate than dismissal with prejudice when the plaintiff was proceeding *pro se*). Thus, while the Court concludes that this factor weighs in favor of dismissal, dismissal without prejudice, as significantly less severe sanction than dismissal with prejudice, see White, 2024 WL 1659896, at *6, is more appropriate.

### F. Conclusion

The Court's consideration of the five factors above demonstrates that Plaintiff's repeated failures to participate in this case are sufficient to justify involuntary dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). Although Rule 41(b) operates as an adjudication on the merits by default and could result in dismissal with prejudice, the circumstances of this case, particularly in light of the fifth factor which considers the availability of lesser sanctions, do not warrant such a harsh result. Accordingly, dismissal without prejudice is more appropriate in this situation.

### IV. CONCLUSION

The Court accordingly **RECOMMENDS** that: (1) Defendant's motion to dismiss for failure to prosecute pursuant to Rule 41(b) be **GRANTED in part** insofar as it seeks dismissal of Plaintiff's complaint, (2) and that this matter be **DISMISSED WITHOUT PREJUDICE.**

**IT IS ORDERED** that no later than **July 12, 2024**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 26, 2024**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1988).

**IT IS SO ORDERED.**

Dated: June 24, 2024

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge